IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD E. STANLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-129-GMS |
| | ) |
| DEPARTMENT OF CORRECTION, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM

Donald E. Stanley ("Stanley"), an inmate at Sussex Correctional Institution, Georgetown, Delaware, brings this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4). The court now proceeds to review and screen the complaint pursuant to 42 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Stanley, however, is given leave to amend his complaint.

### I.     THE COMPLAINT

Stanley seeks to assert liability against the defendants pursuant to 42 U.S.C. § 1983, claiming that they have violated his right to the free exercise of his religion as protected by the First and Fourteenth Amendments. More specifically, he alleges that the defendants are aware that his Muslin religious beliefs require fasting, yet he was not timely served his meals. He asks that his meals be served on time and for congregational prayer.

### II.    STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

#### A. Personal Involvement/Respondeat Superior

Stanley names Warden Rick Kearney ("Warden Kearney") and Chaplain Larry Lilly ("Chaplain Lilly") as defendants. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The complaint contains absolutely no mention of these two defendants other than to include them in item "C. Additional Defendants" and to place their name in the caption of the complaint. Moreover, Stanley provides no facts to support a claim against these two defendants.

It may be that plaintiff seeks to hold Warden Kearney and Chaplain Lilly liable on the basis of their supervisory positions. Supervisory liability, however, cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

There is nothing in the complaint to indicate that any one of the mentioned defendants was the "driving force [behind]" Stanley's alleged deprivation of religious rights. More so, the complaint does not indicate that either of these defendants were aware of Stanley's allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118.

Accordingly, the claims against Warden Kearney and Chaplain Lilly as currently presented, lack an arguable basis in law or in fact and must, therefore, be denied as frivolous *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**B.     Eleventh Amendment**

Stanley also names as defendants the State of Delaware and the Department of Correction ("DOC"), an agency of the State of Delaware. Both have immunity from suit under the Eleventh Amendment to the U.S. Constitution.

"Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris* v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The State of Delaware has not waived its

sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Correction*, 749 F.Supp. 572, 579 (D.Del. 1991). Hence, it and the DOC, as an agency of the State of Delaware, are entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford*, C.A. No. 03-868-KAJ, 2004 WL 2009362, *4 (D.Del. Aug. 25, 2004) (claim against DOC is dismissed on the basis of Eleventh Amendment immunity).

Stanley's claims against the State of Delaware and the DOC have no arguable basis in law or in fact inasmuch as they are immune from suit. Therefore, the claims are frivolous and are dismissed.

## IV.   CONCLUSION

For the above stated reasons, the court finds that the complaint, as currently plead, is factually and legally frivolous making dismissal appropriate. An order will be entered dismissing the case. Stanley, however, is given leave to amend the complaint.

_____
UNITED STATES DISTRICT JUDGE

January 17, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD E. STANLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-129-GMS |
| | ) |
| DEPARTMENT OF CORRECTION, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

At Wilmington this 17th day of January, 2006, for the reasons set forth in the Memorandum issued this date,

1. Plaintiff's complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). .

2. Plaintiff is given leave to amend the complaint. The amended complaint shall be filed within thirty days from the date of this order. If an amended complaint is not filed within the time allowed, an order will be entered closing the case.

_____
UNITED STATES DISTRICT JUDGE